[No. 20249-2-II.    Division Two.    October 17, 1997.]

STEVEN EARL SMITH, *Appellant*, v. THE DEPARTMENT OF LICENSING, *Respondent*.

*Ernest L. Nicholson* of *Weber, Gunn, Nicholson, Nordeen, Marshack, Gonzales & Roe, P.S.*, for appellant.

*Christine O. Gregoire, Attorney General*, and *James T. Schmid, Assistant*, for respondent.

SEINFELD, J. — Steven Smith challenges a decision of the Department of Licensing (DOL), placing him on probation for driving while under the influence of intoxicants. He claims that the hearing officer erred in considering his BAC Verifier DataMaster (BAC) breath test results. Specifically, he argues that BAC test results are inadmissible in an administrative hearing absent a showing that DOL complied with the quality assurance program and other provisions in the Washington Administrative Code (WAC). Because the law specifies the criteria that DOL must demonstrate "to indicate the proper working order of the instrument," WAC 448-13-060, and because those criteria do not include the provisions argued by Smith, we conclude that the BAC test results are admissible without additional foundation. Thus, we affirm.

## FACTS

A state trooper, who was also a certified BAC operator, stopped Smith after observing him engaging in erratic driving. When a subsequent breath test showed an alcohol concentration of .22, the trooper confiscated Smith's driver's license. A hearing officer upheld the trooper's action. Smith then appealed to superior court, which affirmed the hearing officer.

At the review hearing, the trooper testified that before administering the BAC test, he observed Smith for 15 minutes to make sure he did not ingest anything. He then took two "subject sample" test readings of Smith's breath, both of which were .22. The hearing officer admitted the BAC test "ticket" over defense objection that DOL did not establish a proper scientific foundation for its admission. The hearing officer concluded that the trooper's action was proper.

Smith appealed to superior court. The superior court affirmed, citing *State v. Wittenbarger*, 124 Wn.2d 467, 880 P.2d 517 (1994), for the proposition that the BAC "is self-certifying as to its proper working order" in criminal proceedings. Noting that there is a more relaxed standard of proof in administrative proceedings, the superior court determined that a quality assurance certificate was not necessary to admit breath test results in a license revocation hearing. Smith then appealed to this court.

## ANALYSIS

A driver's license revocation hearing is an administrative proceeding governed by the procedural rules set forth in RCW 46.20 and WAC 308-08-600 through -660. To establish that a defendant has been operating a vehicle while under the influence, the State may introduce evidence of an analysis of the defendant's breath showing the alcohol concentration. RCW 46.61.502(1)(a), .506(1); CrRLJ 6.13(c). This evidence is admissible in a court of law, however, only if the administrator performed the test "according to methods approved by the state toxicologist . . . ." RCW 46.61.506(3).

■ When reviewing the confiscation of a driver's license pursuant to former RCW 46.20.365(5) (repealed 1995), we consider three questions:[1] (a) Did the arresting law enforcement officer have reasonable grounds to believe that the

---

[1]Former RCW 46.20.365 provided, in pertinent part:

arrestee was driving or in actual physical control of a vehicle while under the influence of alcohol? (b) Was the

(1) This section applies to any person arrested for a violation of 46.61.502 or 46.61.504 who has an alcohol concentration of 0.10 or higher as shown by a test administered under RCW 46.20.308.

(2)The arresting officer or other law enforcement officer at whose direction the test was given shall:

(a) Serve the person notice in writing on behalf of the department of licensing of its intention to suspend, revoke, or deny the person's license, permit, or privilege to drive or to issue a probationary license;

(b) Serve the person notice in writing on behalf of the department of the person's right to a hearing, specifying the steps required to obtain a hearing;

(c) Confiscate the person's Washington state license or permit to drive, if any, and issue a temporary license to replace any confiscated license or permit . . . .

(d) Notify the department of the arrest, and transmit to the department any confiscated license or permit and a sworn report stating:

(i) That the officer had reasonable grounds to believe the arrested person was driving or in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor or drug, or both;

(ii) That pursuant to RCW 46.20.308 a test of the person's alcohol concentration was administered;

(iii) That the test indicated that the person's alcohol concentration was 0.10 or higher; and

(iv) Any other information the department may require by rule.

. . . .

(4) A person receiving notification under subsection (2) . . . may, within five days after his or her arrest, request a hearing before the department under section (5) of this section . . . .

(5) Upon timely receipt of a request and a one hundred dollar fee . . ., the department shall afford the person an opportunity for a hearing. Except as otherwise provided in this section, the hearing is subject to and shall be scheduled and conducted in accordance with RCW 46.20.329 and 46.20.332 . . . . The hearing shall cover the issues of:

(a) Whether the law enforcement officer had reasonable grounds to believe the person was driving or in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor;

(b) Whether the test of the person's alcohol concentration was administered in accordance with RCW 46.20.308; and

(c) Whether the test indicated that the person's alcohol concentration was 0.10 or higher.

. . . .

alcohol concentration test administered in accordance with RCW 46.20.308, i.e., did the arrestee receive the implied consent warnings and advice that he could obtain an additional test? (c) Did the test produce a blood alcohol concentration of .10 or higher? In this case, the BAC test results were offered as proof of (c).

■ ■ Several WAC provisions relate to the use and proper functioning of the BAC equipment. One group of requirements deals with the proper administration of the test. *See* WAC 448-13-040, -050, -055, -060, -150. Another set relates to the periodic testing of the machine by a qualified technician and to oversight of the simulator solution used in the machine. *See* WAC 448-13-110, -170, -080, and -160. Smith contends that a showing of compliance with the latter set of WACs is a foundational requirement for admission of breath test results.

DOL showed compliance with the WACs related to the administration of the BAC test. The officiating trooper was a certified operator of the equipment. WAC 448-13--150. The trooper observed Smith for 15 minutes before administering the test and ascertained that the "simulator solution" was the correct temperature. WAC 448-13--040. The trooper took two separate air samples, followed the 10-step testing protocol set forth in WAC 448-13-050, and did not note any interference in the breath test. WAC 448-13-055. Finally, he determined that the criteria set forth in WAC 448-13-060 "for precision and accuracy, as determined solely from the breath test document," were met.

Smith contends, however, that DOL had an obligation to introduce additional evidence related to the maintenance of the BAC equipment. *See* WAC 448-13-080 (the state toxicologist shall prepare "external standard simula-

---

(7) If the suspension, revocation, denial, or issuance is sustained after such a hearing, the person whose license, privilege, or permit is suspended, revoked, or denied, or who has been issued a probationary license, has the right to file a petition in the superior court . . . in the same manner as an appeal from a decision of a court of limited jurisdiction . . . .

tor solutions" so that they will give a reading between .090 and .110 when tested); WAC 448-13-110 (state toxicologist to implement quality assurance program for the inspection, recalibration, and maintenance of every Data-Master machine at least once a year); WAC 448-13-160 (the state toxicologist shall certify persons to change the solutions used in the external standard simulators); and WAC 448-13-070 (state toxicologist to certify technicians to perform these inspections and maintenance). DOL contends that this showing was not necessary.

Smith's argument ignores the clear language of WAC 448-13-060. The WAC provides, "A test shall be a valid test . . . if the requirements of WAC 448-13-040, 448-13–050[,] 448-13-055[, and the criteria in WAC 448-13-060] are met." DOL produced evidence showing compliance with those requirements.

Smith further ignores the following language at the end of WAC 448-13-060: "If these criteria are met, then these and no other factors are necessary to indicate the proper working order of the instrument . . . ." Given this plain language, proof of compliance with the additional WAC provisions is not a prerequisite to admission of the BAC test results. The trooper's sponsoring testimony was sufficient. As the Supreme Court emphasized in *Wittenbarger*: " 'When the [breath testing] protocols at issue here and existing Code provisions are followed, there is sufficient assurance of accuracy and reliability of the test results to allow for general admissibility of [BAC] test results . . . .' " 124 Wn.2d at 489-90 (quoting *State v. Straka*, 116 Wn.2d 859, 870, 810 P.2d 888 (1991)).

Affirmed.

ARMSTRONG and HUNT, JJ., concur.

After modification, further reconsideration denied November 13, 1997.

Review denied at 135 Wn.2d 1006 (1998).